UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| RICHARD MAROUS, Individually and on behalf of all others similarly situated, <br><br>Plaintiff, <br><br>vs. <br><br>ROCKET MORTGAGE, LLC, <br><br>Defendant. | Case No. 1:22-cv-6 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(d) and 1441, Rocket Mortgage, LLC ("Rocket Mortgage") hereby removes to this Court the case styled *Richard Marous v. Rocket Mortgage, LLC*, No. 2021CA3533, originally filed in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.[1]

---

[1] By filing this Notice of Removal, Rocket Mortgage does not waive, and expressly reserves, its right to object to service of process, the sufficiency of process, personal jurisdiction, or venue, and also specifically reserves its right to assert any defenses and/or objections to which it may be entitled. Rocket Mortgage also expressly reserves all rights to challenge the Complaint (including the relief sought therein), or any later amended complaints, on the merits, on jurisdictional, or any

ACTIVE/114389015.3

As grounds for removal, Rocket Mortgage states as follows:

## BACKGROUND

1. Plaintiff Richard Marous commenced this putative, statewide class action on or about December 6, 2021 by filing a Class Action Complaint ("Complaint") with the Clerk of the Circuit Court for the Eighth Judicial Circuit in and for Alachua County, Florida. **Exhibit A**, Complaint ("Compl.").

2. On December 22, 2021 Plaintiff served Rocket Mortgage, through its registered agent, with a Summons and the Complaint.

3. Plaintiff's Complaint alleges a single violation of Fla. Stat. § 501.059, the Florida Telephone Solicitation Act ("FTSA").

## PLAINTIFF'S ALLEGATIONS

4. Plaintiff alleges that, at all times relevant to this lawsuit, he was a citizen and resident of Alachua County, Florida.

5. Plaintiff alleges that on or about September 27, 2021, he received a "telephonic sales text message" from Rocket Mortgage. Compl. ¶ 11. He further alleges that "[Rocket Mortgage] utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone

---

other appropriate grounds, including that no class should be certified in this action. The facts set forth in this Notice are based on the allegations of the Complaint and Rocket Mortgage's good faith allegations and are solely for removal purposes.

numbers" in order to send the telephonic sales text messages. *Id.* ¶ 15. Plaintiff alleges that he did not provide Rocket Mortgage with express written consent for the alleged text messages prior to receiving them. *Id.* ¶ 25.

6. Plaintiff further alleges that "Defendant has placed telephonic sales calls to telephone numbers belonging to ***thousands of consumers*** listed throughout Florida without their prior express written consent." *Id.* ¶ 29 (emphasis added).

7. Plaintiff alleges that Rocket Mortgage's conduct violates the FTSA, which restricts companies from making or knowingly allowing "a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers . . . without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a); Compl. ¶ 38.

8. Plaintiff seeks certification of a putative class consisting of "[a]ll persons in Florida and/or Florida residents who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff." Compl. ¶ 27.

9. As relief, Plaintiff seeks on behalf of himself and the members of the putative class "a minimum of $500 in damages for each violation" of the FTSA, and an injunction against future calls in violation of the FTSA. *Id.* ¶ 44.

## JURISDICTION – THE CLASS ACTION FAIRNESS ACT

10. This Court possesses jurisdiction over this action pursuant to the Class

3

Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453.

11.   This Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because: (1) the putative class consists of at least 100 proposed class members; (2) the citizenship of at least one putative class member is different from Rocket Mortgage; (3) the aggregate amount placed in controversy by the claims of the Plaintiff and the proposed class members exceeds the sum or value of $5,000,000, exclusive of interests and costs; and (4) CAFA's permissive and mandatory local controversy exceptions do not apply.

12.   <u>Plaintiff Alleges a Putative Class Action</u>.  This action is a "class action" within the meaning of CAFA because Plaintiff seeks certification of a putative class pursuant to Florida Rule of Civil Procedure 1.220—*i.e.*, a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a). Notwithstanding this, Rocket Mortgage denies that this case could be properly certified as a class action pursuant to Fed. R. Civ. P. 23 (or Florida Rule of Civil Procedure 1.220), as Plaintiff alleges, and expressly reserves its right to oppose any motion for class certification filed by Plaintiff in this action.

13.   <u>CAFA Numerosity is Satisfied</u>.  The CAFA numerosity requirement is also satisfied according to Plaintiff's own allegations. Specifically, Plaintiff alleges that there are "thousands of consumers" within the scope of the putative class and

that he believes this number of putative class members is "so numerous that joinder of all members is impracticable." Compl. ¶ 28-29. Based on the Complaint's allegations the putative class consists of more than 100 members as required under 28 U.S.C. § 1332(d)(5)(B).

14.   Diversity of Citizenship Exists. The requisite diversity of citizenship exists under 28 U.S.C. § 1332(d)(2). According to his own allegations, Plaintiff is a citizen of Florida for purposes of 28 U.S.C. § 1332(d). Compl. ¶ 5. The only defendant, Rocket Mortgage, is a limited liability company whose sole member is RKT Holdings, LLC. RKT Holdings, LLC, in turn, has three members—Rock Holdings Inc., Rocket Companies, Inc., and Dan Gilbert—none of which is a citizen of Florida. Rock Holdings, Inc. is a Michigan corporation, with a principal place of business in Michigan. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Rocket Companies, Inc. is a Delaware corporation, with a principal place of business in Michigan. *Id.* And Mr. Gilbert is an individual with his domicile in Michigan. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."). For diversity of citizenship purposes, Rocket Mortgage is thus a citizen of Michigan or Delaware as a matter of law. *Rolling Greens MHP, L.P. v.*

5

*Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (*per curiam*) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."). Therefore, diversity of citizenship exists between Rocket Mortgage, as a citizen of Michigan or Delaware, and Plaintiff, as a citizen of Florida, as well as between Rocket Mortgage and the putative class members Plaintiff alleges are also citizens of Florida. Compl. ¶ 27.

15. <u>The Amount in Controversy Exceeds $5 Million</u>. Based upon Plaintiff's claim and allegations, the amount in controversy in this action exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6). Assuming the truth of Plaintiff's allegations for purposes of this removal only (and reserving its right to dispute them in future proceedings) and aggregating the alleged damages for all putative class members, the relief sought by the Complaint exceeds $5,000,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (for purposes of determining jurisdiction under CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

16. Based on Plaintiff's allegation (albeit false) that "Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of

6

consumers listed throughout Florida without their prior express written consent" and the number of Florida clients to whom Rocket Mortgage sent outbound text messages during the period from July 1, 2021—the day the subject FTSA provision became law, 2021 Fla. Laws, Ch. 185, §5—to the present using the same telephony used to send the subject text message to Plaintiff, the $5,000,000 amount in controversy threshold is exceeded here.

17. Rocket Mortgage's regular business in Florida includes the servicing and origination of consumer mortgage loans. **Exhibit B,** Declaration of Amy Courtney ("Courtney Decl.") ¶ 5.[2] Part of its origination business involves texting consumers like Plaintiff in response to their expressed interest in and prior consent to receive communications about Rocket Mortgage's mortgage products. *Id.* Rocket Mortgage, of course, denies that any text messages were sent to Plaintiff or putative class members without prior express written consent or that any such text messages violate the provision of the FTSA at issue here. Although it cannot identify each member of the putative class alleged in the Complaint (if any) without undertaking a time consuming, unduly burdensome, and costly investigation across voluminous records relating to thousands of Florida

---

[2] When the jurisdictional amount in controversy is not clear from the face of the complaint, this Court may consider "the notice of removal" and "evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

consumers, based on an initial review of its business records Rocket Mortgage has determined that since July 1, 2021, it sent at least 3,350 outbound text messages to phone numbers with a Florida area code to at least 100 different persons associated with those phone numbers using the same telephony as used to send the subject text message to Plaintiff. *Id.* ¶ 6.

18.    Plaintiff alleges that the class members "are each entitled to a *minimum* of $500.00 in damages for each violation." Compl. ¶ 44 (emphasis added). Plaintiff further alleges that "[i]n violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent." *Id.* ¶ 42. Under the FTSA, a court may award punitive damages of "an amount equal to not more than three times" available statutory damages (that is, not more than $1,500) "if the court finds that the defendant willfully or knowingly violated" the statute. Fla. Stat. § 501.059(10)(b). Although Rocket Mortgage denies that it violated the FTSA, let alone that it did so "willfully or knowingly," in order to establish amount in controversy for jurisdiction under 28 U.S.C. § 1332 a defendant need only show "the jurisdictional facts necessary to establish" that punitive damages "*could* be awarded." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) ("While a court may decide that some of a plaintiff's claims lack merit in the context of a motion to dismiss, such

considerations are inappropriate as part of a jurisdictional analysis."). Where, as here, such a recovery is possible under Florida state law and the Plaintiff has alleged that Rocket Mortgage "knowingly" violated the statute and does not disclaim or otherwise disavow punitive damages, the Court must consider punitive damages in determining the amount in controversy. *Id.* at 732; *Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). Given the maximum statutory penalty of $1,500 per violation and that Rocket Mortgage sent at least 3,350 text messages using the same telephone technology used to send the subject text message to Plaintiff, Plaintiff's claim places at least $5,025,000 in controversy, in excess of the $5 million threshold and without consideration of the value of the injunctive relief he seeks. Courtney Decl. ¶ 6.

19.   <u>CAFA's Local Controversy Exceptions Do Not Apply</u>. None of CAFA's discretionary and mandatory local controversy exceptions to jurisdiction apply here because, among other reasons, Rocket Mortgage is the only named defendant and is not a Florida resident. 28 U.S.C. § 1332(d)(3),(4).

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

20.   <u>Removal to Proper Court</u>.   This Court is part of the "district and division" embracing the place where this action was filed—Alachua County, Florida—and so is a proper venue for removal. *See* 28 U.S.C. § 1446(a). This court is the "division that includes the county where the case was pending in state court"

and so is the proper division for removal under Local Rule 3.1(B).

21. <u>Removal is Timely</u>. Rocket Mortgage may remove this action at any time up to 30 days after service of a summons and complaint. *See* 28 U.S.C. § 1446(b). The summons and Complaint were served on Rocket Mortgage on December 22, 2021. Therefore, this Notice of Removal is timely because it is being filed within 30 days as required by 28 U.S.C. § 1446(b).

22. <u>Pleadings and Process</u>. Attached hereto as **Exhibit D** is a true and correct copy of all process, pleadings, and orders served on or sent to Rocket Mortgage in the state court action. *See* 28 U.S.C. § 1446(a); N.D. Fla. Loc. R. 7.2(A). There are no currently pending motions in the state court requiring the parties to meet and confer under Local Rule 7.2(B).

23. <u>Filing Fee</u>. Rocket Mortgage has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

24. <u>Notice</u>. Pursuant to 28 U.S.C. § 1446(d), Rocket Mortgage is this date filing a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida, and are serving it on Plaintiff's counsel (attached hereto as **Exhibit C**, with exhibits omitted).

25. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. 28 U.S.C. § 1446(a).

## CONCLUSION

26. In the event that Plaintiff seeks to remand this case, Rocket Mortgage claims its right and the opportunity to submit such additional argument or jurisdictional evidence in support of removal as may be necessary. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89.

WHEREFORE, this action should proceed in the United States District Court for the Northern District of Florida, as an action properly removed thereto.

Dated: January 10, 2022                  Respectfully submitted,

/s/ *J. Kirby McDonough*
J. Kirby McDonough
Florida Bar No. 79031
**Spencer Fane LLP**
201 North Franklin Street
Suite 2150
Tampa, FL 33602
Tel: 813.424.3501
*kmcdonough@spencerfane.com*

Counsel for Rocket Mortgage, LLC

## CERTIFICATE OF SERVICE

I certify that on January 10, 2022 a correct copy of the foregoing Notice of Removal was filed with the Clerk of the Court via the Court's CM/ECF system and that a correct copy of same was served by U.S. Mail and electronic mail upon the following:

Manuel S. Hiraldo, Esq.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com

/s/ *J. Kirby McDonough*
Attorney